IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RUSSELL T. HEIL, | ) | |
| | ) | |
| Plaintiff | ) | Civil Action No. 3:23-cv-234 |
| | ) | |
| vs. | ) | |
| | ) | |
| NATIONS LENDING | ) | |
| CORPORATION, AN | ) | |
| OHIO CORPORATION and | ) | |
| LOANCARE, LLC | ) | |
| | ) | |
| Defendants | ) | |

## COMPLAINT

AND NOW comes the Plaintiff, by and through his attorney, Stephen D. Wicks, and files this Complaint alleging the following:

### THE PARTIES

1. The Plaintiff, Russell T. Heil, is an adult individual residing at 1379 Valley Forge Road, Duncansville, Pennsylvania.

2. Defendant LoanCare is a Virginia company whose principal place of business is located at 3637 Sentara Way, Virginia Beach, Virginia.

3. Defendant Nations Lending is a corporation whose principal place of business is located at 4 Summit Park Drive, Independence, Ohio.

### BASIS OF CLAIM

4. This suit is brought under the Fair Credit Extension Uniformity Act ("FCEUA"), 73 P.S. § 2270.5(b) and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 192, *et seq*.

## JURISDICTION

5. This Court has jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. §§ 2201, 2202, 1331(a), 1343, and 29 U.S.C. §§ 217 and 1132.

## VENUE

6. The unlawful acts herein alleged herein occurred in substantial part in Blair County, Pennsylvania, which is in the Western District of Pennsylvania. Therefore, venue in the Western District of Pennsylvania is proper pursuant to 28 U.S.C. § 1391(b).

## CLAIM

7. LoanCare does business in the Commonwealth of Pennsylvania.

8. LoanCare is a debt collector within the meaning of the FCEUA and the Fair Debt Collection Practices Act.

9. Nations Lending does business in the Commonwealth of Pennsylvania.

10. Nations Lending is a creditor within the meaning of the FCEIUA and the FDCPA.

11. Plaintiff executed a mortgage and note with Nations Lending on August 4, 2016, at 422 Allegheny Street, Hollidaysburg, Pennsylvania, in the amount of $45,000.00. (Copies attached as Exhibits A and B respectively).

12. Under the note Plaintiff was required to make payments in the amount of $234.74 for principal and interest and an escrow payment in the amount of $73.36 for taxes and insurance, for a total of $308.10, on the first of each month. (Copy of First Payment Letter from Nations Lending Corporation attached as Exhibit C).

13. Following the execution of said mortgage LoanCare assumed the responsibility for servicing the loan on behalf of Nations Lending as its agent.

14. After the loan closed Plaintiff made his payments in compliance with Exhibit C.

15. On July 21, 2017, Plaintiff received a Disclosure Statement from LoanCare stating that his monthly payments were increasing to $392.39 effective September 1, 2017, due to a purported escrow shortage. (Copy of notice attached as Exhibit D).

16. As a result of a tax reassessment on January 1, 2017, Plaintiff's annual real estate tax bill increased by the sum of $74.76. (Copy of notice attached as Exhibit E).

17. As a result of the aforesaid reassessment Plaintiff's monthly escrow payment should have increased by $6.23.

18. The aforesaid Exhibit D overstated the annual city and county taxes by the sum of $448. 56 and the monthly escrow payment by the amount of $37.38.

19. On October 23, 2017, Nations Lending notified Plaintiff that his mortgage payment would increase to $440.00 and his escrow payment to $136.77 effective December 1, 2017, due to LoanCare's misrepresentation as aforesaid about the additional funds required from Plaintiff for his escrow account. (Notice attached as Exhibit F).

20. The aforesaid Exhibit F misrepresented Plaintiff's escrow account as having a shortage of $825.04 due to the overstatements of taxes in Exhibit D.

21. Nations Lending issued an ANNUAL TAX AND INTEREST STATEMENT to Plaintiff for 2017 representing that it had debited Plaintiff's escrow account in the amount of $1,257.21 and had disbursed it for the payment of property taxes. (Statement attached as Exhibit G).

22. The aforesaid Exhibit G misrepresented the status of Plaintiff's escrow account, as the property taxes were not disbursed in 2017 and as a result said account should not have had the alleged deficit of $225.51.

23. The aforesaid Exhibit G misrepresented that Plaintiff's required escrow payment

had risen to $205.52 from the initial requirement of $75.36 due to the prior misrepresentation on Exhibit G regarding the 2017 tax disbursement and LoanCare's miscalculations on Exhibit D.

24. The aforesaid Exhibit G further misrepresented the amount of tax due and payable, as the actual property taxes for 2017 were $597.44.

25. LoanCare misrepresented the status of Plaintiff's mortgage payments as delinquent to one or more credit bureaus based upon the aforesaid miscalculations of the Defendants in 2017.

26. As of November 13, 2017, Plaintiff had earned a credit score of 695. (Copy of Credit Score Disclosure Report attached as Exhibit H).

27. As a direct result of the miscalculations and misrepresentations of Plaintiff's mortgage payments by Nations Lending and LoanCare, and the corresponding reporting of Plaintiff as delinquent to the credit bureaus by LoanCare, by January 25, 2018, Plaintiff's credit score dropped to 577. (Copy of Credit Score Disclosure Report attached as Exhibit I).

28. Upon receipt of Exhibit I Plaintiff communicated his disagreement with the accuracy of LoanCare's credit reporting but was advised by LoanCare that it stood by the accuracy of its reports. (Copy of LoanCare letter to Plaintiff dated February 22, 2018, attached as Exhibit J).

29. As a direct result of Defendants' miscalculations and misrepresentations of Plaintiff's mortgage payments, and the reports to credit bureaus by LoanCare of Plaintiff as delinquent based upon this misinformation, and its resulting impact on his credit score, Plaintiff was denied the loan he sought from Reliance Bank to refinance his mortgage with Nations Lending in February, 2018.

30. As a direct result of Defendants' miscalculations and misrepresentations of Plaintiff's mortgage payments, and the reports to credit bureaus by LoanCare of Plaintiff as

delinquent based upon this misinformation, and its resulting impact on his credit score, Plaintiff was denied the loan he sought from M&T Bank to refinance his mortgage in _____.

31. As a result of the aforesaid miscalculations and misrepresentations in the monthly and annual statements to Plaintiff from 2017 through 2019, LoanCare failed or refused to make complete and timely property tax payments from Plaintiff's escrow account for the tax years 2017, 2018 and 2019.

32. On September 5, 2019, Plaintiff stopped making his mortgage payments due to the continuing insistence of LoanCare and Nations Lending that Plaintiff owed more on his mortgage and escrow payments than his obligation required and their failure to correct the problems after notification by Plaintiff.

33. As a result of Defendants' miscalculations and misrepresentations as aforesaid, Plaintiff's property was listed for a sheriff's sale on September 25, 2019, for the property taxes that Nations Lending claimed on Exhibit G to have paid in 2017.

34. Plaintiff paid the Blair County Sheriff the sum of $280.00 on September 24, 2019, to save the property from foreclosure.

35. By the end of 2019, Defendants had failed to account for the sum of $1,809.29 on their monthly and annual statements to Plaintiff that had been debited from Plaintiff's escrow account and not paid out as represented on the aforesaid statements.

36. Plaintiff's property was again listed for Sheriff's sale on September 22, 2021, for unpaid property taxes for 2019 due to Defendants' miscalculations and misrepresentations regarding Plaintiff's escrow obligation and mortgage payments as aforesaid.

37. Plaintiff paid the Blair County Sheriff the sum of $130.00 on July 30, 2021, to save the property from foreclosure.

38. Following Plaintiff's response to the 2021 Sheriff's sale as aforesaid, he contacted LoanCare on multiple occasions to request that the issues set forth above with his mortgage be resolved.

39. Plaintiff received Notice of Error Acknowledgement forms from LoanCare on October 21, 2021, November 19, 2021, November 20, 2021, and November 30, 2021, in which LoanCare indicated that it was conducting further review of his complaints, but Plaintiff never received any response from LoanCare regarding the outcome of his complaints, nor a resolution on the problems set forth above.  (Exhibits K, L, and M attached hereto).

40. From July of 2017 until August of 2019 Plaintiff incurred fees and costs in the amount of $ 199.72 due to the miscalculations and misrepresentations of the Defendants on Exhibits D, F and G as aforesaid, and their failure to correct the same after multiple requests from Plaintiff.

41. Following the misrepresentations contained in Plaintiff's Exhibits D, F and G, each monthly and annual statement issued by Nations Lending and LoanCare to the date of this filing have misrepresented the amount owed by Plaintiff due to the failure to account for the funds improperly disbursed from his escrow account in 2017 as aforesaid and the overstatement of his escrow or principal and interest obligations.

42. As a result of the aforesaid drop in Plaintiff's credit rating, which was the direct result of the Defendants' joint miscalculations and misrepresentations on Exhibits D, F and G, and all statements in between, Plaintiff was unable to refinance his mortgage at a lower interest rate, resulting in an estimated loss of $7,200.00 across the life of his mortgage.

43. On August 4, 2021, counsel for the Plaintiff advised Nations Lending by letter to Lauren R. Tabas, Esquire, counsel for Nations Lending, of his representation of Plaintiff.  (Copy

of letter attached as Exhibit N).

44. Following the issuance of Exhibit D until January 17, 2023, Nations Lending sent threatening statements to Plaintiff that understated the value of his escrow account as aforesaid and overstated his mortgage payment and obligation.

45. Nations Lending is demanding interest and penalties in the amount of $3,229.88 as of January 17, 2023, that Plaintiff would not have incurred without Nations Lending miscalculations, misrepresentations and refusal and failure to accept the correct payments as aforesaid. (See statement of October 16, 2023, attached as Exhibit O).

46. As averred in paragraph 45 above, Nations Lending continued to communicate with Plaintiff directly after August 4, 2021, notwithstanding its awareness from that date forward that Plaintiff was represented by counsel.

47. From September 7, 2017, until January 17, 2023, LoanCare sent threatening statements to Plaintiff that understated the value of his escrow account and overstated his mortgage payments and obligation.

48. On February 2, 2022, Plaintiff's counsel was contacted by Benjamin D. Carnahan, Esq., who advised that he was representing LoanCare on behalf of Nations Lending.

49. From February 2, 2022, until September 27, 2022, LoanCare continually called Plaintiff by telephone regarding his debt to Nations Lending, notwithstanding LoanCare's knowledge that Plaintiff was represented by counsel in this matter.

50. From February 2, 2022, until September 27, 2022, LoanCare sent Plaintiff threatening statements monthly his debt to Nations Lending, notwithstanding LoanCare's knowledge that Plaintiff was represented by counsel in this matter.

**COUNT 1**

## RUSSELL T. HEIL V. NATIONS LENDING
## FAIR CREDIT EXTENSION UNIFORMITY ACT

51.     Paragraphs 1 through 50 are incorporated herein by reference as if fully set forth.

52.     From October 23, 2017, as reflected on Exhibit F, until the date of this Amended Complaint, Nations Lending violated the FCEUA by engaging in a continuing course of conduct of misrepresenting the value of Plaintiff's escrow account and overstating his mortgage payments and obligation on statements issued to Plaintiff.

53.     From 2017, as reflected on Exhibit G, until the date of this Amended Complaint, Nations Lending violated the FCEUA by engaging in in a continuing course of conduct of issuing statements to Plaintiff that failed to account for the sum of $1,257.21 that Nations Lending debited to Plaintiff's Escrow Account and failed to properly disburse.

54.     Nations Lending failed to have a system in place to identify and correct the multiple errors occurring as aforesaid with Plaintiff's mortgage, in spite of the notices regarding the same from Plaintiff as aforesaid.

55.     Based upon the foregoing, Nations Lending violated the FCEUA by continuing to contact Plaintiff by the issuance of the aforesaid false and threatening statements after receiving notice that Plaintiff was represented by counsel, until January 17, 2023.

56.     As a result of the aforesaid continuing violations of the FCEUA and the UTPCPL, Nations Lending has caused damage to Plaintiff as set forth in paragraphs 34, 37, 40, 42 and 45 above in the amount of $ 12,649.17.

57.     Plaintiff contends that the egregious nature of the conduct at issue warrants the imposition of treble damages under the UTPCPL.

Wherefore, Plaintiff requests judgment in his favor and against Nations Lending in the

amount of $ 12, 649.17, trebled as permitted under the UTPCPL, together with reasonable attorney's fees and costs.

## COUNT II

### RUSSELL T. HEIL V. NATIONS LENDING

### UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW

58. Paragraphs 1 through 57 are incorporated herein by reference as if fully set forth.

59. The aforesaid violations of the FCEUA are also violations of the UTPCPL in Pennsylvania by operation of law.

60. Plaintiff has suffered losses from the conduct of Nations Lending as set forth above in the amount of $12, 649.17.

61. Plaintiff contends that the egregious nature of conduct at issue, both directly and as a result of its failure to effectively monitor LoanCare, warrants the imposition of treble damages under the UTPCPL.

Wherefore, Plaintiff requests judgment in his favor and against Nations Lending in the amount of $12, 649.17, trebled as permitted under UTPCPL, together with reasonable attorney's fees and costs.

## COUNT III

### RUSSELL T. HEIL V. LOANCARE, LLC
### FAIR CREDIT EXTENSION UNIFORMITY ACT

62. Paragraphs 1 through 61 are incorporated herein by reference as if fully set forth.

63. From July 21, 2017, as reflected on Exhibit D, until the date of this Amended Complaint, LoanCare violated the FCEUA by engaging in a continuing course of conduct of

misrepresenting the value of Plaintiff's escrow account and overstating his mortgage payments and obligation on statements issued to Plaintiff.

64. From 2017, as reflected on Exhibit G, until the date of this Amended Complaint, LoanCare violated the FCEUA by engaging in in a continuing course of conduct of issuing statements to Plaintiff that failed to account for the sum of $1,257.21 that Nations Lending or LoanCare debited to Plaintiff's Escrow Account and failed to properly disburse.

65. Based upon the foregoing, LoanCare violated the FCEUA by continuing to contact Plaintiff by the issuance of the aforesaid false and threatening statements after receiving notice that Plaintiff was represented by counsel, until January 17, 2023.

66. LoanCare violated the FCEUA by continually calling Plaintiff by telephone regarding his debt to Nations Lending as aforesaid, notwithstanding LoanCare's knowledge that Plaintiff was represented by counsel in this matter.

67. LoanCare failed to have a system in place to identify and correct the multiple errors occurring as aforesaid with Plaintiff's mortgage, in spite of the notices regarding the same from Plaintiff as aforesaid.

68. As a result of the aforesaid continuing violations of the FCEUA and the UTPCPL, Nations Lending has caused damage to Plaintiff as set forth in paragraphs 34, 37, 40, 42 and 45 above in the amount of $ 12,649.17.

69. Plaintiff contends that the egregious nature of the conduct at issue warrants the imposition of treble damages under the UTPCPL.

70. As set forth above, Plaintiff has suffered losses arising from the conduct of LoanCare in the amount of $12, 649.17.

Wherefore, Plaintiff requests judgment in his favor and against LoanCare in the amount of

$12, 649.17, together with reasonable attorney's fees and costs.

## COUNT IV

### RUSSELL T. HEIL V. LOANCARE, LLC
### UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW

71.	Paragraphs 1 through 70 are incorporated herein by reference as if fully set forth.

72.	The aforesaid violations of the FCEUA are also violations of the UTPCPL in Pennsylvania by operation of law.

73.	As set forth above, Plaintiff has suffered losses arising from the conduct of LoanCare in the amount of $12, 649.17.

74.	Plaintiff contends that the egregious nature of conduct at issue warrants the imposition of treble damages under the UTPCPL.

Wherefore, Plaintiff requests judgment in his favor and against LoanCare in the amount of $12, 649.17, trebled as permitted under the UTPCPL, together with reasonable attorney's fees and costs.

## COUNT V

### RUSSELL T. HEIL V. LOANCARE, LLC
### FAIR DEBT COLLECTIONS PRACTICES ACT

75.	Paragraphs 1 through 74 are incorporated herein by reference as if fully set forth.

76.	The conduct of LoanCare as set forth herein, and the consequences thereof, have also caused Plaintiff considerable aggravation, inconvenience, and emotional distress.

Wherefore, Plaintiff requests judgment in his favor and against LoanCare in the amount of $12,649.17, trebled as permitted under the UTPCPL, together with damages for emotional distress and reasonable attorney's fees and costs.

Respectfully submitted,

<u>s/ Stephen D. Wicks</u>

Stephen D. Wicks, Esquire
Attorney for Plaintiffs
Pa. I.D. No. 25840
161 Lakemont Park Boulevard
Altoona, PA  16602
(814) 946-4366
wickslaw1@verizon.net
